# IN THE COURT OF APPEALS OF IOWA

No. 17-1819
Filed January 24, 2018

**IN THE INTEREST OF M.P. and J.S.,**
**Minor Children,**

**H.P., Mother of M.P.,**
     Appellant,

**A.S., Mother of J.S.,**
     Appellant,

**J.S., Father**
     Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

Parents appeal the termination of their respective parental rights.

**AFFIRMED ON ALL APPEALS.**

Mark J. Neary of Neary Law Office, Muscatine, for appellant mother H.P.

Timothy K. Wink of Schweitzer & Wink Law Firm, Columbus Junction, for appellant mother A.S.

Leslie D. Lamping of Lamping Schlegel & Salazar, L.L.P., Washington, for appellant father.

Thomas J. Miller, Attorney General, and Meredith Lamberti, Assistant Attorney General, for appellee State.

Elizabeth Araguas of Nidey Erdahl Fisher Pilkington & Meier, P.L.C., Cedar Rapids, guardian ad litem for minor children.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

A father appeals the termination of his parental rights to two children. The mother of each child separately appeals the termination of her parental rights to her respective child. We review their claims de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

## I.      Termination of the Father's Parental Rights.

The father objects to termination of parental rights with respect to J.S.'s mother and asks that court to place both children in her care. The father may not challenge the termination of another parent's rights. *See, e.g.*, *In re L.J.*, No. 12-1410, 2012 WL 4513813, at *1 (Iowa Ct. App. Oct. 3, 2012) (citing *In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (holding one parent cannot argue facts or legal positions pertaining to the other parent) and *In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) (determining a father did not have standing to raise arguments on the mother's behalf in an effort to obtain a reversal of the termination of his parental rights)).

On appeal, the father seeks an additional six months. Time "is a critical element" in termination proceedings, and after the statutory time period for termination has passed, termination is viewed with a sense of urgency. *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). Children are not equipped with pause buttons. *See In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems.").

Before the court can grant a parent additional time, there must be an assurance that the need for removal will no longer exist at the end of that time period. *See* Iowa Code § 232.104(2)(b). Considering the father's lack of progress during the two-year-long child-in-need-of-assistance (CINA) proceedings, we are unconvinced that this would be the case here. *See C.B.*, 611 N.W.2d at 495 ("Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" (citation omitted)); *see also In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home).

> With regard to the request for additional time, the juvenile court concluded,

> If the Court were to grant the parents' request for additional time, the Court would require at least six months' sobriety. The children have already been out of the home for approximately 18 of the last 23 months. A grant of additional time would place them out of the home for an additional six months due to the recent positive drug tests. It is time for permanency through termination of parental rights and adoption. All parents have been granted multiple opportunities to meaningfully address substance abuse issues. . . . Unfortunately none of the parents can have their children returned to their custody today and they have already waited long enough for their parents to permanently address substance abuse issues. The children should not have to wait any longer. The parents have already been given multiple opportunities to work toward the issues that led to adjudication. The children have had multiple placements. It is time for a long-term solution.

We agree with the assessment by the juvenile court.

Because the father makes no argument concerning termination of his own parental rights, we affirm the termination of his parental rights to both children. *See*

*Aluminum Co. of Am. v. Musal*, 622 N.W.2d 476, 479–80 (Iowa 2001) ("Issues not raised in the appellate briefs cannot be considered by the reviewing court.").

## II.    Termination of the Parental Rights of M.P.'s Mother.

The mother of M.P. challenges the sufficiency of the evidence supporting termination of her parental rights pursuant to Iowa Code section 232.116(1)(f) (2017).[1]  Specifically, she challenges the evidence supporting the fourth element of the paragraph—that her child could not be returned to her custody at the time of the termination hearing.  *See* Iowa Code § 232.116(1)(f)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing").

Clear and convincing evidence shows the mother could not safely resume care of M.P. at the time of the termination hearing.  The mother's visits with M.P. never progressed to unsupervised.  Her residence was unknown, and she was not in contact with the Iowa Department of Human Services (DHS).  Although her parental rights to two other children had already been terminated due to her substance-abuse issues, the mother could not demonstrate a significant period of sobriety.  The mother failed to submit to any drug tests for the DHS in 2017 despite the requirement that she complete drug testing twice each month.

The mother suggests there is no evidence that she would be unable to correct the situation with an additional period of rehabilitation.  For the reasons

---

[1] The court also terminated the mother's parental rights under section 232.116(1)(g), but we may affirm the termination order where clear and convincing evidence supports one of the grounds alleged.  Because the evidence supports terminating the mother's parental rights under section 232.116(1)(f), we need not consider termination under section 232.116(1)(g) as a separate ground to support the juvenile court's order.  *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

stated earlier in this opinion, we conclude, like the juvenile court, that additional time is not warranted in this case.

M.P.'s mother also argues there is insufficient evidence showing termination is in M.P.'s best interests. In making the best-interests determination, the primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The need for a permanent home is of primary importance. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home").

More than two years passed between the juvenile court's adjudication of M.P. as a CINA and termination of the mother's parental rights. Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). The mother has had ample time to address the issues that led to the CINA adjudication. She has failed to make use of this time, even after losing her parental rights to two other children. M.P.'s need for a permanent, safe home outweighs the mother's need to continue a relationship with M.P. Because termination is in M.P.'s best interest, we affirm.

### III.    Termination of the Parental Rights of J.S.'s Mother.

The mother of J.S. also appeals the termination of her parental rights.  She does not dispute that the State proved the grounds for termination under section 232.116(1)(f).  Instead, she requests additional time to reunite with the child.  *See* Iowa Code § 232.117(5) (stating that if the juvenile court does not order termination of parental rights but clear and convincing evidence shows the child is a CINA, the court may enter a permanency order pursuant to section 232.104(2)(b)).  She claims she participated in the services offered to her and additional time in substance-abuse and mental-health treatment will allow her to care safely for J.S.

The record shows the mother has tested positive for methamphetamine use after multiple attempts at sobriety.  The mother has made incredible claims to disguise her relapses.  Following a May 2017 test that showed she had used methamphetamine, the mother claimed she only tested positive because she had "stepped on a piece of glass that someone in the [shelter facility] had used methamphetamine with."  The juvenile court found her excuse was not credible, noting "it is consistent with her pattern where she has previously tried to explain positive drug tests due to, on one occasion, tainted candy and, on another, tainted soda."

The juvenile court found that J.S. had been out of the home "for approximately 18 of the last 23 months."  Although the mother had tested negative for substance abuse "multiple" times in the past year, the court found that she would need a minimum of six more months to demonstrate her ability to remain sober.  The court declined the mother's request for additional time, finding J.S. had "already waited long enough for [the mother] to permanently address substance-

abuse issues" and "should not have to wait any longer" when the mother had "already been given multiple opportunities to work toward the issues that led to [the CINA] adjudication. . . . It is time for a long-term solution." We concur in the juvenile court's assessment.

J.S.'s mother also seeks to have termination of her parental rights avoided under one of the exceptions to the termination statute. *See* Iowa Code § 232.116(3). She argues that terminating her parental rights would be detrimental to J.S. due to the closeness of their relationship. *See id.* § 232.116(3)(c). For the same reasons articulated above, we disagree. Termination of the mother's parental rights is in J.S.'s best interest.

Finally, the mother claims the State failed to provide reasonable efforts to avoid termination. *See In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005) (noting the DHS has an obligation to make reasonable efforts toward reunification of the family). However, a "parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *Id.* The mother's failure to request additional services during the CINA proceedings precludes her from raising this issue for the first time on appeal. *See id; S.R.*, 600 N.W.2d at 65. Accordingly, we affirm the termination of her parental rights to J.S.

**AFFIRMED ON ALL APPEALS.**